IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

RUSSELL ALLEN,

    Petitioner,

v.                                    CASE NO. 5:09-cv-224-RH-GRJ

WARDEN, FCI MARIANNA,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by filing Doc. 1, a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, and paying the filing fee.   Petitioner originally filed his Petition in the Eastern District of Michigan, which transferred the case to this Court because Petitioner is currently incarcerated in the Federal Correctional Institution in Marianna, Florida ("FCI Marianna").  (Doc. 2.)  The Petition stems from Petitioner's Eastern District of Michigan conviction for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g).

In the instant Petition, Petitioner asserts the United States Bureau of Prisons erred in calculating his sentence by failing to give him credit towards his federal conviction for the time he spent in state custody on an unrelated state charge prior to his sentencing on the federal charge.  For the reasons discussed below, it is **RECOMMENDED** the Petition (Doc. 1) be **DISMISSED**.

### I. BACKGROUND AND FACTS

On September 16, 2002, Petitioner was arrested by state police in Detroit,

Michigan for possession of a firearm.  The state did not bring charges against Petitioner, however, and instead referred the case to the United States Attorney for the Eastern District of Michigan for prosecution.  On September 30, 2002, Petitioner was placed in the custody of the United States Marshal and was then released on $10,000 unsecured bond by U.S. Magistrate Judge Paul Komives in the Eastern District of Michigan.  While on bond, Petitioner was arrested on April 29, 2003 by Michigan state police on an unrelated state charge of armed robbery.  Petitioner states in the Petition that bond was set in his state case on the armed robbery charge, but he was unable to bond out because of a detainer placed on him by the United States Marshal.  Petitioner remained in state custody and plead guilty to the state charge of armed robbery on November 4, 2003.  On November 20, 2003, Petitioner was then sentenced to a minimum of three years and a maximum of fifteen years imprisonment in state custody.  Petitioner was awarded 206 days of credit towards this sentence for the time he served from his arrest on April 29, 2003 until his sentencing on November 20, 2003.

Petitioner remained in state custody until May 21, 2004.  On that date, Petitioner was temporarily removed from state custody by means of a *writ of habeas corpus ad prosequendum* for a hearing in the Eastern District of Michigan regarding a violation of his pre-trial conditions of release on the federal felon in possession charge.  Petitioner was housed at the Federal Correctional Institution in Milan, Michigan ("FCI Milan") during this time.  On November 19, 2004, Petitioner was returned to state custody to continue serving his state sentence on the armed robbery charge.  On January 26, 2005, Petitioner was again temporarily removed from state custody by means of a *writ of habeas corpus ad prosequendum* for the purpose of attending a plea hearing in the

*Case No: 5:09-cv-224-RH-GRJ*

Eastern District of Michigan.  He then plead guilty on February 1, 2005 to one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g) pursuant to a plea agreement.  The plea agreement apparently contained a provision specifying the federal sentence on the felon in possession charge would run concurrent to the state sentence Petitioner was then serving on the state armed robbery charge.  Petitioner was then returned to state custody on February 22, 2005 in order to continue serving his state sentence.

On May 4, 2005 Petitioner was again temporarily removed from state custody by means of a *writ of habeas corpus ad prosequendum* for sentencing on the federal felon in possession offense.  On May 5, 2005, U.S. District Judge Gerald Rosen sentenced Petitioner to 92 months of imprisonment, which was to run concurrent to the undischarged term Petitioner was then serving in state custody on the state armed robbery charge.  The following day, May 6, 2005, Petitioner was again returned to state custody, where he remained until July 1, 2008.  On July 1, 2008 Petitioner was paroled on the state armed robbery charge and was then released into the custody of the United States Marshal.  The United States Marshal then delivered Petitioner to the custody of the United States Bureau of Prisons ("BOP").

The BOP then computed Petitioner's federal sentence as commencing the date Petitioner was sentenced by Judge Rosen, May 5, 2005.  The BOP did not give Petitioner credit towards his federal sentence for any of the time he was in custody from April 29, 2003 arrest until his May 5, 2005 federal sentencing, even the period during which he was in custody at FCI Milan.  The BOP's stated reason for this was Petitioner already having been credited for that entire time period toward his state sentence,

including the six months he spent at FCI Milan.  The BOP also designated the Michigan Department of Corrections as the facility at which Petitioner would serve his federal sentence.  Petitioner is now serving the remainder of his federal sentence at FCI Marianna.

## II.  STANDARD OF REVIEW

The Attorney General has the authority to determine what credit, if any, is due a prisoner for time served, and the Attorney General has delegated the right to make this determination to the BOP.  United States v. Lucas, 898 F.2d 1554, 1555-56 (11th Cir.1990).  A prisoner seeking credit against his sentence for time in custody must exhaust BOP administrative remedies for the district court to have jurisdiction to hear his claims.  Id. at 1556.  However, once administrative remedies are exhausted, prisoners may then seek judicial review of any pre-sentence custody credit determination by the BOP, by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241.  United States v. Wilson, 503 U.S. 329, 335 (1992).  It is undisputed Petitioner has fully exhausted his administrative remedies before the BOP, and therefore the issue of whether the BOP correctly computed Petitioner's pre-sentence custody credit is now properly before this court.

## III.  DISCUSSION

The issue in this case is whether Petitioner is entitled to credit from April 29, 2003 when he was arrested on an unrelated state charge of armed robbery until May 5, 2005, when Petitioner was sentenced on the federal felon in possession offense.  For the following reasons the Court concludes Petitioner is not entitled to credit.

It is undisputed Petitioner received credit towards his state sentence for this

entire period, even when he was at FCI Milan.  Petitioner contends this period should also count towards his federal sentence. Respondent correctly argues that Petitioner cannot "double count" that time against both his state and federal sentences pursuant to 18 U.S.C. § 3585(b).

18 U.S.C. § 3585(b) provides "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence."

Petitioner's position is unsupported by the relevant statutory language.  In support of his position, Petitioner argues his armed robbery state charge meets the requirements of 3585(b)(2), that is, he was arrested and charged with the state armed robbery after he had already been charged with and placed on pre-trial release on the federal felon in possession charge.  Petitioner's argument, however, overlooks the final clause in section 3585(b), which allows credit for pre-sentence custody only if that time that has not already "been credited against another sentence."

Petitioner was awarded credit towards his state sentence for the time he served from his arrest on April 29, 2003 until May 5, 2005, the day he was sentenced on the federal charge.[1]  Section 3585(b), therefore, prohibits the BOP from awarding Petitioner

---

[1] Petitioner claims, at the very least, the time he spent in federal custody at the Wayne County Jail in Detroit, Michigan and the Federal Correctional Institution in Milan, Michigan from May 21, 2004 through November 19, 2004 awaiting resolution of the federal charges should be counted towards his federal sentence.  As this time was already credited towards his state sentence, it cannot also be credited against his federal sentence.  Davis v. Sniezek, 403 Fed. Appx. 738, 740 (3d Cir. 2010)("A state prisoner

*Case No: 5:09-cv-224-RH-GRJ*

credit for the pre-sentence time served from April 29, 2003 until his federal sentence commenced on May 5, 2005. See, e.g., Willis v. United States, 428 F.2d 923, 925 (5th Cir. 1971). The fact that Petitioner's federal sentence was ordered to run concurrent to his state sentence does nothing to change the application of section 3585(b), because Petitioner had already received credit for that time period towards his state sentence. Grigsby v. Bledsoe, 223 Fed. Appx. 486, 489 (7th Cir. 2007)("[S]ince he [petitioner] obtained credit for this period from the state, he [petitioner] is not entitled to the same benefit from the BOP merely because his subsequent federal sentence was ordered to run concurrently.").

Petitioner's contention is also unsupported by case law, as the cases Petitioner cites do not support his argument.[2] In support of his Petition, Petitioner relies upon United States v. Smith, 318 F.Supp. 2d 875, 878 (C.D. Cal. 2004) and Kayfez v. Gasele, 993 F.2d 1288, 1290 (7th Cir. 1993), two cases Petitioner contends individuals were given double credit towards both state and federal sentences that were to run concurrent. United States v. Smith is distinguishable from Petitioner's situation because in Smith there was no allegation or evidence that the pre-sentence time at issue had been credited against another sentence, as Petitioner clearly has been given

---

transferred to federal custody under a writ ad prosequendum to answer federal charges is considered 'on loan' to federal authorities and remains in primary custody of the state 'unless and until the first sovereign relinquishes jurisdiction.'")(quoting Ruggiano v. Reish, 307 F.3d 121, 125 n.1 (3d Cir. 2002) *superseded in part on other grounds by* U.S.S.G. § 5G1.3 App. Note 3(E) (2003)).

[2] Petitioner cites a number of other cases in his Petition under a heading reading "Relief Sought," but does not discuss those cases or why they support his Petition. The Court has independently reviewed each case Petitioner cites in this section and determines none of them provide any support whatsoever for Petitioner's arguments. Indeed, some of them actually directly contradict Petitioner's position. United States v. Wilson, 916 F.2d 1115, 1118 (6th Cir.1990), *overruled on other grounds* 503 U.S. 329 (1992)(presentencing custodial detention by the state court may be credited against a federal sentence; however, such credit may not be awarded if the time has already been used against another sentence).

*Case No: 5:09-cv-224-RH-GRJ*

here.  Id. at 878 ("Furthermore, there has been no allegation or evidence presented that the 18 months at issue have been credited against another sentence.").  Kayfez v. Gasele also provided a unique factual scenario for the court considering the section 2241 petition in that case, as the petitioner's state sentence in that case had been vacated. The Seventh Circuit has also decided that Kayfez does not require federal pre-sentence credits for time served after the commencement of a separate state sentence when that time has already been credited toward the state sentence. Grigsby v. Bledsoe, 223 Fed. Appx. 486, 489 (7th Cir. 2007)("The disputed period-August 13, 1993 to August 19, 1994-all arose after Grigsby's state sentencing, and since he obtained credit for this period from the state, he is not entitled to the same benefit from the BOP merely because his subsequent federal sentence was ordered to run concurrently.").

The proposition that federal prisoners cannot receive credit for the time prior to sentencing on a federal offense if they already have received credit for that time on a state offense is also supported by a number of other courts considering this same issue, including the Eleventh Circuit. Castillo v. Fed. Corr. Inst. of Tallahassee, 163 Fed. Appx. 803, 804 (11th Cir. 2006)(*per curiam*)("Pursuant to the clear terms of § 3585(b), a defendant can receive credit for time served only if the specified time period has not been credited against another sentence."); United States v. Ross, 219 F.3d 592, 594 (7th Cir. 2000)(noting section "3585(b) forbids the BOP from giving credit for presentence custody when that credit has been applied against another sentence").  In this case, Petitioner already received credit for the time he was in custody from April 29, 2003 until May 5, 2005 (even including the time when he was in custody in FCI Milan) towards his state sentence.   Pursuant to 18 U.S.C. § 3585(b), Petitioner cannot also

*Case No: 5:09-cv-224-RH-GRJ*

receive credit towards his federal sentence for that same time period.  Accordingly, the Petition is due to be dismissed because Plaintiff already received credit for the period from April 29, 2003 until May 5, 2005 towards his state armed robbery sentence.

### IV.  RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, Doc. 1, be **DISMISSED**.

**IN CHAMBERS** this 10th day of October 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**