IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

RUSSELL ALLEN,

    Petitioner,

v.                                     CASE NO. 5:09cv224-RH/GRJ

WARDEN, FCI MARIANNA,

    Respondent.

_____/

ORDER DISMISSING PETITION

      The petitioner Russell Allen initiated this case in the Eastern District of Michigan challenging the time the Bureau of Prisons is requiring him to serve on a sentence imposed in that district. Mr. Allen asserted a right to relief under 28 U.S.C. § 2241. An incarcerated person's § 2241 petition must be brought in the district of confinement, not the district of conviction. The Eastern District of Michigan therefore transferred the case to the Northern District of Florida, where Mr. Allen is serving his sentence. The case is before the court on the magistrate judge's report and recommendation, ECF No. 17. No objections have been filed.

      The facts—at least as suggested by this record—are these. Mr. Allen was charged in the Eastern District with possessing a firearm as a convicted felon. He

was released pending trial.  While out, he committed the Michigan state crime of armed robbery.  He was arrested for the armed robbery and detained in state custody.  He pled guilty and was sentenced to state prison.  While in custody on the state charge, Mr. Allen was transferred into federal custody several times on writs of habeas corpus *ad prosequendum* so that he could attend proceedings on the federal charge.  He ultimately pled guilty to the federal charge and was sentenced to 92 months in the Bureau of Prisons.  Apparently as contemplated by the plea agreement, the Eastern District judge ordered the sentence to run "concurrently to the *undischarged term* of imprisonment currently being served in a State Facility." ECF No. 13-4 at 3 (emphasis added).   The judgment did *not* say that the federal sentence should be concurrent with the portion of the state sentence that had already been served.

     Mr. Allen was returned to state custody.  He eventually was paroled and transferred to the Bureau of Prisons for service of the federal sentence.  The Bureau has given Mr. Allen credit for the time he spent in state custody *after* imposition of the federal sentence, by designating the state facility for service of the federal sentence.  *See Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1990).  But the Bureau has refused to give Mr. Allen credit for the time spent in either state or federal custody *before* imposition of the federal sentence.  The Bureau asserts that the governing statute prohibits it from giving credit for that time:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence*.

18 U.S.C. § 3585(b) (emphasis added).  Read literally, all the statute says is that the Bureau must give credit for time in detention—on the same charge or on a later arrest—that *has not* been credited on another sentence.  Read literally, the statute does not address time in detention that *has* been credited on another sentence.  But the statute's clear import is that the Bureau can give credit *only* for time that has not been credited on another sentence.  As set out in the report and recommendation, courts have consistently read the statute that way.

The report and recommendation thus correctly concludes that, under § 3585(b), the Bureau cannot give Mr. Allen credit for the time he spent in state and federal custody prior to imposition of the federal sentence.

This result seems to comport with the Eastern District judge's intent.  The judgment provided only that the federal 92-month sentence was to run concurrently with the "undischarged" term of the state sentence.  ECF No. 13-4 at 3.  The judge was surely aware of § 3585(b) and the impact it would have on the implementation

of this sentence.  Had the judge intended for the federal sentence to be concurrent with the *entire* state sentence, the judgment presumably would have said so.  And had that been the intent, the proper way to achieve it would have been to impose a lower federal sentence—to reduce the 92-month sentence by the time already spent in state and federal detention or custody.  The sentencing guidelines expressly recognize this as the proper way to achieve concurrency.  *See* U.S. Sentencing Guidelines Manual ("*Guidelines Manual*") § 5G1.3(c) (2011) (allowing a court to impose a sentence to run wholly or partly concurrently with, or consecutively to, an undischarged term of imprisonment, if the undischarged term was imposed after the offense of conviction and was not for relevant conduct); *id*. § 5G1.3(b) (directing the court, in order to achieve concurrency, to "adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited . . . by the Bureau of Prisons").

So the Bureau's handling of this seems to comport with the judgment and, presumably, the parties' intent when they entered the plea agreement.  If that was not the parties' or judge's intent—if they actually intended for Mr. Allen's federal sentence to be concurrent with the entire state sentence, including the time served prior to imposition of the federal sentence—then Mr. Allen's remedy would have been an appropriate motion attacking the judgment under 28 U.S.C. § 2255,

perhaps on the ground that the plea agreement was violated, or perhaps on the ground of ineffective assistance of counsel. Whatever the parties' and judge's intent, Mr. Allen's § 2241 attack on the Bureau's implementation of the judgment as entered is unfounded.

For these reasons and those set out in the report and recommendation,

IT IS ORDERED:

The clerk must enter judgment stating, "The petition is denied with prejudice." The clerk must close the file.

SO ORDERED on December 3, 2011.

                                      s/Robert L. Hinkle
                                      United States District Judge